## Devereux's Estate

Before Henderson, Van Dusen, Stearne and Sinkler, JJ.

294

298

*Clinton A. Sowers* and *Robert H. Agnew,* for exceptant.
*H. Rook Goshorn,* contra.

SINKLER, J., January 27, 1933.—Neither the oral argument for the exceptant, recently heard, nor the paper book in his behalf, which has been carefully considered, convince us that the exceptions to the opinion of the hearing judge should be sustained.

The evidence before him discloses that the testatrix, who died a spinster of about seventy, had a pinched existence, filled with pathos, devoid of enjoyment. She was of frail physique, never robust in health, possibly never vigorous mentally nor intellectually. But the preponderance of evidence supports his finding that at the time she made her will she had testamentary capacity, and was not the subject of undue influence.

There is much conflicting evidence as to her physical and mental condition and habits. Much of it may be reconciled by the fact that she had deteriorated during the last year or two of her life. Some of the testimony the hearing judge does not credit. Counsel for both proponent and contestant attack the veracity or at least the accuracy of his opponent's witnesses. Particularly, then, in this case, where the truth is to be determined, the judge who has heard the testimony and seen the witnesses can best decide the question of veracity as well as the preponderance of the evidence. The court in banc is impressed by the fact that testatrix made out herself the working sheets for her income tax return; that she kept her own bank account, and attended to her affairs of business.

All that we can profitably add to the opinion of the hearing judge is to amplify somewhat his comments as to the circumstances in which testatrix lived in their relation to the provisions of her will. The chief beneficiary is her brother Clarence, with whom she lived, and who cared for her. The children of a deceased sister, one of whom is the exceptant, receive a substantial part of her estate. Her remaining next of kin, John, who is excluded from any enjoyment of her estate, had estranged her by contesting the will of their father containing provisions in her favor, and in other ways. The will is, therefore, such an one as a normal person would have made in view of her relations to her next of kin.

The foregoing disposes of the greater part of the exceptions. The remaining questions involved relate to the exclusion by the hearing judge of testimony as

to declarations made by testatrix several years after the execution of the will and as to declarations made by the chief legatee several years prior thereto, and to admission of certain letters addressed to testatrix by a resident of California. All of these rulings of the hearing judge are correct.

The exceptions are dismissed.